JUDGE COTE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
SEABRIDGE BUNKERING PTE LTD.,

                 Plaintiff,

   - against -                             ECF CASE

UNIVERSAL SHIPPING AND TRADING LTD. and
OCEAN CHARTERING SA,                07 CIV 6603

                 Defendants.
-------------------------------------------------------------------X



(filing stamp: JUL 2 3 2007, U.S.D.C. S.D.N.Y. CASHIERS)

## VERIFIED COMPLAINT

      Plaintiff, SEABRIDGE BUNKERING PTE LTD. ("Plaintiff"), by and through its attorneys, Lennon, Murphy & Lennon, LLC, as and for its Verified Complaint against the Defendants, UNIVERSAL SHIPPING AND TRADING LTD. ("UST") and OCEAN CHARTERING SA ("OCS")(collectively referred to as "Defendants") alleges, upon information and belief, as follows:

      1.     This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 United States Code § 1333.

      2.     At all times material to this action, Plaintiff was, and still is, a foreign corporation, or other business entity organized and existing under the laws of Singapore.

      3.     Upon information and belief, Defendants were, and still are, foreign corporations, or other business entities organized and existing under foreign law.

      4.     At all material times, Defendant UST was the Charterer of the motor vessel "ANGEL S" (hereinafter the "Vessel").

      5.     At all material times, Defendant OCS was the manager/operator of Vessel.

6. Pursuant to contracts dated March 29, 2007 and April 27, 2007, Defendants contracted with Plaintiff for the provision of bunker fuel oil to the Vessel. *See contracts annexed hereto as Exhibits "1" and "2" and confirmation that invoices should be issued and addressed to both Defendants, Exhibit "2," p. 1.*

7. Pursuant to the contract dated March 29, 2007, Plaintiff agreed to provide the Vessel with, and Defendants agreed to buy, 400 MT of bunker fuel oil (type IF0180CST) at the price of $359 per MT and 60 MT of bunker fuel oil (MGO) at the price of $591 per MT, with interest to accrue on late payments at the rate of 2%, compounded on a monthly basis.

8. Pursuant to the contract dated April 27, 2007, Plaintiff agreed to provide the Vessel with, and Defendants agreed to buy, 600 MT of bunker fuel oil (180CST) at the price of $375 per MT and 50 MT of bunker fuel oil (MGO) at the price of $625 per MT, with interest to accrue on late payments at the rate of 2%, compounded on a monthly basis.

9. Pursuant to the contracts, Plaintiff supplied the bunker fuel to the Vessel in Singapore on April 1, 2007 and at Fujairah, United Arab Emirates on May 1, 2007. *See delivery receipts for April 1st and May 1st deliveries annexed hereto as Exhibits "3" and "4" respectively.*

10. A dispute arose between the parties regarding Defendants' failure to pay the amounts due and owing under the contracts for the services rendered.

11. As a result of Defendants' breaches of the contracts, which are maritime in nature, Plaintiff has sustained damages in the principal amount of $433,220.00, exclusive of interest. *See invoices annexed hereto as Exhibits "5" and "6."*

12. Pursuant to the contracts, all disputes arising thereunder are to be submitted to arbitration in New York with US Law to apply.

13. Defendants have admitted that they are liable to Plaintiff under the contracts for the amounts invoiced. *See Exhibit "7" annexed hereto.*

14. Despite due demand, Defendants have failed and/or refused to pay the sums due and owing to Plaintiff.

15. Thus, Plaintiff is preparing to commence arbitration proceedings against Defendants on its claims in New York.

16. Interest is routinely awarded to the prevailing party in arbitration proceedings subject to US Law. As best as can now be estimated, Plaintiff expects to recover the following amounts in the Final Arbitration Award(s):

| | | |
|---|---|---|
| A. | Principal claim: | $433,220.00 |
| B. | Interest on claims:<br>3 years at 2%, compounded monthly | $26,765.85 |
| **Total** | | **$459,985.85** |

17. The Defendants cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendants have, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of one or more garnishees which are believed to be due and owing to the Defendant(s).

18. The Plaintiff seeks an order from this court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, and also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching, *inter alia*, any assets of the Defendant(s) held by

the aforesaid garnishee for the purpose of obtaining personal jurisdiction over the Defendants, and to secure the Plaintiff's claims as described above.

**WHEREFORE**, Plaintiff prays:

A. That process in due form of law issue against the Defendants, citing them to appear and answer under oath all and singular the matters alleged in the Verified Complaint;

B. That the Court retain jurisdiction to compel the Defendants to arbitrate in accordance with the United States Arbitration Act, 9 U.S.C. § 1 *et seq.*;

C. That since the Defendants cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching all goods, chattels, credits, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any other funds held by any garnishee within the District which are due and owing to the Defendant(s), in the amount of **$459,985.85** calculated to date to secure the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

D. That this Court recognize and confirm any arbitration award(s) or judgment(s) rendered on the claims set forth herein as a Judgment of this Court

E. That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof;

F. That this Court award Plaintiff its attorney's fees and costs of this action; and

4

  G. That the Plaintiff have such other, further and different relief as the Court may deem just and proper.

Dated: July 23, 2007
   New York, NY

          The Plaintiff,
          SEABRIDGE BUNKERING PTE LTD.

         By: _____
          Kevin J. Lennon (KL 5072)
          Nancy R. Peterson (NP 2871)
          Patrick F. Lennon (2162)
          LENNON, MURPHY & LENNON, LLC
          420 Lexington Ave., Suite 300
          New York, NY 10170
          (212) 490-6050 – phone
          (212) 490-6070 – fax
          nrp@lenmur.com
          pfl@lenmur.com
          kjl@lenmur.com

## ATTORNEY'S VERIFICATION

State of New York    )
                     )    ss.:    New York
County of New York   )

1. My name is Kevin J. Lennon.

2. I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3. I am an attorney in the firm of Lennon, Murphy & Lennon, LLC, attorneys for the Plaintiff.

4. I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5. The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

6. The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiff and agents and/or representatives of the Plaintiff.

7. I am authorized to make this Verification on behalf of the Plaintiff.

Dated:    July 23, 2007
          New York, NY

                              _____
                              Kevin J. Lennon